WHITEHALL WATER POWER COMPANY, LIMITED, et al., Appellants, *v.* ATLANTIC, GULF AND PACIFIC COMPANY, Respondent.

Water and watercourses — action to restrain alleged trespass upon lands and waters — record examined and held that action cannot be maintained.

Plaintiff, a manufacturing corporation, part of whose dam across a stream was on property of the state, without authority or permission therefrom, entered into an agreement with defendant, a contractor engaged in the improvement of a section of the barge canal for the state, whereby plaintiff in consideration that it should be furnished with motive power during the construction by defendant of a new dam for the state at another point consented to the destruction

of the old dam previously erected by plaintiff.   The old dam was destroyed and during the construction of the new dam the power furnished by defendant to plaintiff was greater than that plaintiff could have obtained from the old dam.   The defendant under a contract with the state constructed a new dam, with more water head than the removed dam was capable of producing, and with a much larger storage capacity, which plaintiff has since continuously used.   Plaintiff brought this action against the defendant to restrain trespass and a threatened trespass upon its lands and waters.   *Held*, that upon the facts found by the trial court the action cannot be maintained.

*Whitehall Water Power Co.* v. *Atlantic, Gulf & Pacific Co.* 160 App. Div. 208, affirmed.

(Argued April 26, 1917;  decided May 22, 1917.)

APPEAL from a judgment, entered June 15, 1914, upon an order of the Appellate Division of the Supreme Court in the third judicial department reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edgar T. Brackett, Benjamin P. Wheat* and *Luther A. Wait* for appellants.

*Russell H. Robbins* for respondent.

*Merton E. Lewis,* Attorney-General (*Wilber W. Chambers* of counsel), for State of New York.

HOGAN, J.   This action was brought to restrain trespass and a threatened trespass upon land and waters alleged to be the property of plaintiff, Whitehall Water Power Company, a manufacturing corporation.   The Champlain Silk Mill Company is a tenant of the Whitehall Water Power Company.   The defendant is a corporation engaged in the business of contracting.   August

9th, 1906, defendant entered into a contract with the state of New York under the Barge Canal Act for the improvement of a portion of the Champlain canal for a distance of about six miles south of the southerly end of Lake Champlain. The findings, so far as material to be considered here, are in effect:

In 1902 plaintiff erected a dam across Wood creek, a portion of which was constructed on land within the blue line, the property of the state, without authority of or permission from the state. The specifications accompanying the contract between defendant and the state did not provide for the removal of the dam erected by plaintiff. The plans and specifications were thereafter changed so as to provide for the construction of a dam, sluiceways, etc., in place of the existing dam, at another point. Subsequently and on May 6th, 1909, before any change of plan, an agreement was entered into between the parties to this action, whereby plaintiff in consideration that it should be furnished with motive power during the time of the construction of the new dam and water power therefrom, consented to the destruction of the dam theretofore erected by it. The old dam was destroyed and during the construction of the new dam the power furnished by defendant to plaintiff was greater than plaintiff could have generated from the old dam had it remained undisturbed. The defendant under its contract with the state constructed a new concrete dam with four and one-half feet more water head than the removed dam was capable of producing and with a water storage of five times that of the old dam, which plaintiff by a syphon and spillway has since continuously used.

From the foregoing facts, amongst a number incidental thereto upon the same subject, the court below concluded that plaintiff's consent and acquiescence was a bar to a recovery. Making reference to the findings, counsel for appellants in his brief and upon the argument stated "it cannot be disputed that the consent to the

destruction of the dam was based upon the assumption and agreement that there would be a new dam erected in its place which would furnish plaintiff more water head," and argued that in view of the fact that subsequent to the commencement of this action but before the trial, the state had appropriated all the right, title and interest plaintiff had or claimed to have in the land used by defendant in performing its contract, therefore, plaintiff Whitehall Water Power Company had no dam, and the question as to whether plaintiff is damaged depends upon whether or not plaintiff has a present and permanent right to the use of the dam and the water power.

The defendant in this action was a contractor of the state. As such it had no authority, without the consent of the state, to make any change in the plans or specifications for the improvement of the Champlain canal. It must be assumed that the changes which involved the construction of the new dam were not only made with the consent of the plaintiff but were actually made by the state of New York. The subsequent appropriation by the state of an absolute ownership of the dam and water does not warrant a presumption that the state intends to deprive plaintiff of the use of water power. In fact plaintiff has not been interfered with in the exercise of any privileges conferred under the agreement. Should the state hereafter deprive plaintiff of the privilege to utilize the power at the dam, the right of plaintiff to make claim, either for temporary or permanent deprivation of such privilege may arise; until then the plaintiff cannot complain. It is now supplied with an increased head of water by reason of its consent, and the mere fact of appropriation of rights at the dam does not operate as a violation of the agreement.

Additional questions involving the title of the bed of Wood creek, whether or not the same was vested in the Whitehall Company or the state, estoppel against the

state, Statute of Limitations, etc., were argued on the appeal. The state was not a party to the action, and its rights are not decided upon this appeal.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.